## CALKINS v. TAX ASSESSOR, et al.

Circuit Court, Dade County.
February 26, 1948.

James E. Calkins, Miami, in propria persona.

Worley, Gautier & Cannon, R. B. Gautier, Jr., Miami, for Dade County Tax Assessor.

Weintraub, Martin & Schwartz, Miami, for Dade County Tax Collector.

Hudson & Cason, Park H. Campbell, Miami, for Comptroller of State of Florida.

ROSS WILLIAMS, Circuit Judge.

This cause came on for final hearing before me on the complaint, answers and testimony adduced before me, and upon consideration of the pleadings, evidence and argument, the court finds:

1. That the question presented is whether certain policies of insurance, hereinafter described, issued by foreign life insurance companies on the life of the plaintiff, under which the plaintiff receives annuities, or the annuities to be received thereunder, are taxable under chapter 199, title 13, Intangible Personal Property Taxation Law, 1941 Florida statutes; and that the chancery jurisdiction of this court is invoked pursuant to sections 196.01, 196.02 and 196.03 of chapter 196, title 1, 1941 Florida statutes.

2. That the plaintiff receives an annual income of $3,048.84 under the provisions of the following insurance policies:

> Annuity certificate No. 105850, dated March 13, 1943, of the New York Life Insurance Co. issued to plaintiff in exchange for retirement annuity policy no. 105850 on the life of plaintiff issued on March 13, 1934;

Policy of insurance no. 30488 issued April 10, 1934 to plaintiff by the Mutual Life Insurance Co. of New York on the life of plaintiff;

Policy of insurance no. 25654AB issued December 28, 1935 to plaintiff by the Metropolitan Life Insurance Co. of New York on the life of plaintiff;

Policy of insurance no. R17624 issued February 13, 1934 to plaintiff by the Mutual Life Insurance Co. of New York on the life of plaintiff.

3. That the tax assessor of Dade County during the year 1947 valued said insurance policies for intangible personal property taxation at $14,110 and classified same as "class D" intangibles, and levied a tax of one mill on the dollar against the plaintiff therefor by entry of such valuation and millage on the 1947 intangible personal property tax roll of Dade County, and the tax was calculated to be the sum of $14.11.

4. That said levy of tax against plaintiff is illegal and should be set aside.

It is therefore considered, adjudged and decreed as follows:

(a) That said levy of tax is hereby set aside and cancelled of record, and the defendant Earnest Overstreet, as tax collector of Dade County, is hereby directed to write, or cause to be written, in ink, across the face of the entry appearing on the 1947 intangible personal property tax roll of Dade County levying said tax, the following:

Cancelled by decree of Circuit Court of February 26, 1948.

(b) That Earnest Overstreet, as tax collector of Dade County, and his successors in office, are hereby enjoined and permanently restrained from placing the name of plaintiff on the delinquent intangible personal property tax list of Dade County for 1947 by reason of the failure of the plaintiff to pay the tax above mentioned, and are hereby enjoined and permanently restrained from issuing any tax execution for the enforcement of said intangible personal property tax.

(c) That the defendant J. N. Lummus, Jr., as tax assessor of Dade County, and his successors in office, are hereby permanently enjoined from levying any intangible personal property tax against the plaintiff in the future because of said policies of insurance, or the annuities to be paid to the plaintiff thereunder.